**Maria Cristina RAMOS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 02–72939, A76–860–682.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

---

Charles E. Nichol, Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Emily A. Radford, Terri Leon–Benner, U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

### MEMORANDUM **

Maria Cristina Ramos, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000) ("[T]he IJ's determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record.").

Ramos's due process challenge to the BIA's streamlining procedure is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851–52 (9th Cir.2003).

■ Substantial evidence supports the IJ's determination that Ramos did not establish past persecution based on the threats she received from guerrillas. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir. 2000) (only in "certain extreme cases [have we] held that repeated and especially menacing death threats can constitute a primary part of a past persecution claim").

■ Ramos also failed to establish a well-founded fear of persecution. An alien must "point[ ] to credible, direct, and specific evidence in the record ... that would support [an objectively] reasonable fear of persecution." *Singh v. INS,* 134 F.3d 962,

966 (9th Cir.1998) (internal quotation marks and citation omitted). Substantial record evidence, including Ramos's own testimony and country conditions reports describing the Guatemalan peace accords, supports the IJ's conclusion that Ramos has not met this burden.

By failing to qualify for asylum, Ramos necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

